Murtagh, Thomas R., J.
Plaintiffs case is based upon a sewer back-up into her residence on November 28, 2005. Plaintiff filed her complaint on December 5, 2008. Count I of the Complaint alleges the tort of Negligence and Count II alleges Nuisance. M.G.L.c. 260, §2A provides that “actions of tort shall be commenced only within three years next after the cause of action occurs.” The plaintiffs claims are governed by and limited by the provisions of the Massachusetts Torts Claim Act, M.G.L.c. 258 et seq. (“the Act”). Section 4 of the Act provides in relevant part that a claimant must first present his or her claim in writing to the executive officer of the public employer within two years after the date upon which the cause of action arose. The grounds for defendant’s motion to dismiss as filed with the Court was that plaintiffs claims are barred by the three-year tort statute of limitations and that plaintiff did not make the required presentation of her claim under c. 258, §4. At the hearing, the defendant, presumably because of a need to consider material beyond the Complaint itself, informed the Court it was not pressing the claimed failure of presentment as part of its request for dismissal of the Complaint. Thus, the only issue for the Court at this time is whether the statute of limitations requires a dismissal of the Complaint.
In opposing defendant’s statute of limitations argument, plaintiff claims that the discovery rule applies to the situation and that in this case the statute of limitations period did not commence until the Town answered on December 8, 2005 “that its investigation revealed that a blockage in its sewer main on Central Street caused the back up which damaged plaintiffs residence.”
The general rule in negligence and other tort cases is that the cause of action accrues at the time of the injury. If plaintiff s cause of action accrued on November 28, 2005, her action, brought on December 5, 2008, is barred by the three-year statute of limitations period. To avoid this result, plaintiff asserts that her claims fall within the discovery rule under which certain causes of action based on inherently unknowable wrongs do not accrue until the plaintiff learns, or reasonably should have learned, that she has been harmed by the defendant’s conduct.
Defendant maintains that the discovery rule applies only where the plaintiff does not know or reasonably should not have known that she had been injured. Plaintiff argues that she is entitled to benefit from the discovery rule where she knows she has been harmed but does not know that the injury was caused by the defendant’s wrongful acts.
Judge Gants confronted similar opposing views in Harris v. McIntyre, 2000 WL 972559 (Mass.Super. 2000). He thoroughly analyzed the state of the law and concluded that a cause of action does not accrue until the plaintiff (1) knows or should know that she was harmed, and (2) possesses sufficient information or becomes aware of such suspicious circumstances that she recognizes or should recognize that the defendant’s conduct may have caused the harm. This Court supports the analysis performed by Judge Gants and adopts his articulation of the discovery rule. As a result, the Court must deny defendant’s Motion to Dismiss. The Court is not able to conclude at this stage that plaintiff had sufficient information or awareness of suspicious circumstances before December 8, 2005 such that she recognized or should have recognized that the defendant’s negligence or other wrongful conduct may have caused the sewer back-up.
ORDER
Defendant Town of Saugus’s Motion to Dismiss is DENIED. The Court is aware that a protective order was entered earlier which prohibited certain discoveiy while this motion to dismiss was pending. Although the presentment issue was eventually withdrawn as a matter to be considered on a motion to dismiss, the Court was made aware of information sufficient to conclude that there exists a legitimate issue as to whether plaintiff made a proper presentment as required by the Act. This issue can be resolved in a relatively short order. Therefore, the Court orders that discovery, other than that directed to the presentment issue, is stayed for a period of three (3) months, which should allow sufficient time to explore the issue and to prepare and serve any dispositive motions which *142 might be appropriate. The Court will schedule a conference following the three (3) month period.